**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF TEXAS

Case number *(if known)* _____    Chapter    **7**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **FCS Fox Commercial Services, LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **61-1632818** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **4300 S. Congress Avenue, Ste. 101** **Austin, TX 78745** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Travis** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **https://www.foxcommercialservices.com/**

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  **FCS Fox Commercial Services, LLC**                                      Case number (*if known*) _____
        Name

---

**7.** **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

---

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☑ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | | Relationship | |
|---|---|---|---|---|
| Debtor | _____ | | Relationship | _____ |
| District | _____ | When _____ | Case number, if known | _____ |

---

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in this district?**  *Check all that apply:*

- [✓] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- [ ] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [✓] No
- [ ] Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- [ ] It needs to be physically secured or protected from the weather.
- [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- [ ] Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

- [ ] No
- [ ] Yes.  Insurance agency _____
  Contact name _____
  Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**  *Check one:*

- [ ] Funds will be available for distribution to unsecured creditors.
- [✓] After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| [ ] 1-49 | [ ] 1,000-5,000 | [ ] 25,001-50,000 |
| [✓] 50-99 | [ ] 5001-10,000 | [ ] 50,001-100,000 |
| [ ] 100-199 | [ ] 10,001-25,000 | [ ] More than100,000 |
| [ ] 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| [✓] $0 - $50,000 | [ ] $1,000,001 - $10 million | [ ] $500,000,001 - $1 billion |
| [ ] $50,001 - $100,000 | [ ] $10,000,001 - $50 million | [ ] $1,000,000,001 - $10 billion |
| [ ] $100,001 - $500,000 | [ ] $50,000,001 - $100 million | [ ] $10,000,000,001 - $50 billion |
| [ ] $500,001 - $1 million | [ ] $100,000,001 - $500 million | [ ] More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| [ ] $0 - $50,000 | [✓] $1,000,001 - $10 million | [ ] $500,000,001 - $1 billion |
| [ ] $50,001 - $100,000 | [ ] $10,000,001 - $50 million | [ ] $1,000,000,001 - $10 billion |
| [ ] $100,001 - $500,000 | [ ] $50,000,001 - $100 million | [ ] $10,000,000,001 - $50 billion |
| [ ] $500,001 - $1 million | [ ] $100,000,001 - $500 million | [ ] More than $50 billion |

Debtor  **FCS Fox Commercial Services, LLC**
Name

Case number (*if known*)

| | |
|---|---|
| **Request for Relief, Declaration, and Signatures** | |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/26/2021
MM / DD / YYYY

X *Thomas Kim* (signature)
Signature of authorized representative of debtor

**Thomas Kim**
Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

X */s/ Michael P. Ridulfo*
Signature of attorney for debtor

Date  02/28/2021
MM / DD / YYYY

**Michael P. Ridulfo**
Printed name

**Kane Russell Coleman Logan PC**
Firm name

**901 Main Street, Suite 5200**
**Dallas, TX 75202**
Number, Street, City, State & ZIP Code

Contact phone  **713-425-7442**      Email address  **mridulfo@krcl.com**

**16902020 TX**
Bar number and State

## WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS AND SOLE MEMBER OF
## FCS FOX COMMERCIAL SERVICES, LLC

### February 2̲0̲ 2021

The undersigned being all of the members of the Board of Directors of FCS Fox Commercial Services, LLC, f/k/a Fox Service Company II, LLC (the "**Company**"), and the sole member of the Company (the "**Member**"), acting pursuant to the Texas Business Organizations Code and that certain Amended and Restated Company Agreement of the Company dated January 13, 2014 (as amended prior to the date hereof, the "**Company Agreement**"), hereby enter into this Written Consent (this "**Consent**") and hereby adopt and approve the following resolutions:

**WHEREAS**, the Company is undergoing financial distress due to, among other things, the economic downturn related to the COVID-19 pandemic;

**WHEREAS**, upon consultation with its advisors and professionals, and upon consideration of financial and operational information, the Board of Directors and the Member have determined in the exercise of their business judgment that the Company does not have adequate funds to indefinitely continue operations; and

**WHEREAS**, the undersigned have determined that it is desirable and in the best interests of the Company, its creditors and other interested parties for the Company to file voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") on or after the date hereof (the "**Bankruptcy Filing**").

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgement of the undersigned, it is desirable and in the best interests of the Company, and its creditors and other parties in interest, that any manager or the President, Vice President, Treasurer, Secretary and any other officer of the Company (each, an "**Authorized Person**", and collectively, the "**Authorized Persons**") be, and hereby are, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 7 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for Western District of Texas (the "**Bankruptcy Court**") at such time as the Authorized Person executing the petition shall determine to effectuate the Bankruptcy Filing, thereby commencing "**Chapter 7 Case**";

**BE IT FURTHER RESOLVED**, that the law firm of Kane Russell Coleman Logan PC be, and hereby is, employed as bankruptcy counsel for the Company under an agreed upon retainer and retention agreement in the Chapter 7 Case, subject to the approval of the Bankruptcy Court;

**BE IT FURTHER RESOLVED**, that the Authorized Persons, acting on behalf of the Company, are hereby authorized and directed to employ any other firm as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, subject to the approval of the Bankruptcy Court;

**BE IT FURTHER RESOLVED**, that any Authorized Person be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all

assistance by legal counsel, accountants, financial advisors and other professionals and to take and perform any and all further acts and deeds that the Authorized Persons deem necessary, proper, or desirable in connection with the Bankruptcy Filing, without the necessity of joinder of any other;

**BE IT FURTHER RESOLVED**, that in connection with the commencement of the Chapter 7 Case, any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate the use of cash collateral on the terms and conditions that the Authorized Persons may consider necessary, proper or desirable, and to take such additional action and to execute and deliver each other agreement, instrument, or document to be executed and delivered by or on behalf of the Company, pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**BE IT FURTHER RESOLVED**, that any Authorized Person and such other officers, employees or agents of the Company (including counsel) as the Authorized Persons shall designate, direct or approve, from time to time, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company to cause the Company to negotiate, enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate the Bankruptcy Filing;

**BE IT FURTHER RESOLVED**, that each Authorized Person, and such other officers, employees or agents of the Company as the Board of Directors shall from time to time designate, direct or approve, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to (and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects): (i) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such Authorized Person or such other officer, employee or agent of the Company deems appropriate or advisable to advance the Bankruptcy Filing, or to cause the negotiation, execution and delivery thereof in such form and substance as such Authorized Person, officers, employees or agents may approve, together with such changes and amendments to any of the terms and conditions thereof as such person may approve, with the execution and delivery thereof on behalf of the Company, by or at the direction of such Authorized Persons, officers, employees or agents to constitute evidence of such approval; (ii) negotiate, execute, deliver and/or file any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such Authorized Persons, officers, employees or agents deem appropriate or advisable in connection therewith to effectuate the Bankruptcy Filing; and (iii) do such other things as may be required, or as may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby;

8139533 v2 (72692.00002.000)

**BE IT FURTHER RESOLVED**, that each undersigned party be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as such party considers necessary, proper or desirable to effectuate this Consent and these resolutions, such determination to be evidenced by such execution or taking of such action; and

**BE IT FURTHER RESOLVED**, that any and all past actions heretofore taken by any undersigned party in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

*[Signature page follows]*

8139533 v2 (72692.00002.000)

IN WITNESS WHEREOF, the parties hereto have executed this Consent as of the date first above written.

**BOARD OF DIRECTORS:**

_____
Chris Sheffert

_____
Dan Rudolph

_____
Robert Hicks

_____
Rod Penner

**MEMBER:**

INOCA HOLDCO II, LLC,
a Delaware limited liability company

By: Inoca Capital Partners, LLC
Its: Manager

By: _____
Name: Chris Sheffert
Title: Senior Managing Director

IN WITNESS WHEREOF, the parties hereto have executed this Consent as of the date first above written.

### BOARD OF DIRECTORS:

_____
Chris Sheffert

_____
Dan Rudolph

_____
Robert Hicks

_____
Rod Penner

### MEMBER:

INOCA HOLDCO II, LLC,
a Delaware limited liability company

By: Inoca Capital Partners, LLC
Its: Manager

By: _____
Name: Chris Sheffert
Title: Senior Managing Director

IN WITNESS WHEREOF, the parties hereto have executed this Consent as of the date first above written.

**BOARD OF DIRECTORS:**

_____

Chris Sheffert

_____

Dan Rudolph

_____

Robert Hicks

_____

Rod Penner

**MEMBER:**

INOCA HOLDCO II, LLC,
a Delaware limited liability company

By: Inoca Capital Partners, LLC
Its: Manager

By: _____
Name: Chris Sheffert
Title: Senior Managing Director

8139533 (72692.00002.000)

IN WITNESS WHEREOF, the parties hereto have executed this Consent as of the date first above written.

**BOARD OF DIRECTORS:**

_____
Chris Sheffert

_____
Dan Rudolph

_____
Robert Hicks

_____
Rod Penner

**MEMBER:**

INOCA HOLDCO II, LLC,
a Delaware limited liability company

By: Inoca Capital Partners, LLC
Its: Manager

By: _____
Name: Chris Sheffert
Title: Senior Managing Director

## WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF
## INOCA CAPITAL PARTNERS, LLC

### February 20, 2021

The undersigned being all the members of the Board of Directors of Inoca Capital Partners, LLC (the "**Company**"), acting pursuant to the Delaware Limited Liability Company Act and that certain Limited Liability Company Operating Agreement of the Company dated December 12, 2012 (as amended prior to the date hereof, the "**Operating Agreement**"), hereby enter into this Written Consent (this "**Consent**") and hereby adopt and approve the following resolutions:

**WHEREAS**, the Company is the sole manager of Inoca Holdco II, LLC ("**Inoca Holdco II**"), which is the sole member of FCS Fox Commercial Services, LLC, f/k/a Fox Service Company II, LLC ("**FCS Fox**"); and

**WHEREAS**, the undersigned have determined on behalf of the Company, in its capacity as the sole manager of Inoca Holdco II, in its capacity as the sole member of FCS Fox, that it is desirable and in the best interests of FCS Fox for it to file a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") on or after the date hereof (the "**Bankruptcy Filing**").

**NOW THEREFORE LET IT BE:**

**RESOLVED**, that the form, terms and provisions of the Bankruptcy Filing be, and hereby are, approved;

**RESOLVED**, that any manager or the President, Vice President, Treasurer, Secretary and any other officer of the Company (each such person, an "**Authorized Officer**") be, and each of them hereby is, authorized and empowered to execute and deliver on behalf of the Company any and all documents, resolutions, written consents or other documents deemed necessary or desirable by such Authorized Officer in order for the Company, in its capacity as the sole manager of Inoca Holdco II, to authorize Inoca Holdco II, on its behalf and in its capacity as the sole member of FCS Fox, to take all actions necessary to authorize FCS Fox to file the Bankruptcy Filing;

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered to take all such further action and to execute and deliver all such further agreements, certificates, instruments and documents, in the name and on behalf of the Company, and if requested or required, under its corporate seal duly attested by the Secretary or Assistant Secretary; to pay or cause to be paid all expenses; to take all such other actions as they or any one of them shall deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions;

**RESOLVED**, that in connection with the transactions contemplated in the preceding resolutions, the Secretary or the Assistant Secretary of the Company be, and hereby is, authorized in the name and on behalf of the Company, to certify any more formal or detailed resolutions as such officer may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing

resolutions; and that thereupon, such resolutions shall be deemed adopted as and for the resolutions of the undersigned as if set forth at length herein;

**RESOLVED**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirements of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions.

**RESOLVED**, that each undersigned party be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as such party considers necessary, proper or desirable to effectuate this Consent and these resolutions, such determination to be evidenced by such execution or taking of such action; and

**RESOLVED**, that any and all past actions heretofore taken by any undersigned party in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

*[Signature page follows]*

8139534 v1 (72692.00002.000)

IN WITNESS WHEREOF, the parties hereto have executed this Consent as of the date first above written.

BOARD OF DIRECTORS:

Name: Chris Sheffert

**WRITTEN CONSENT OF
THE MANAGER OF
INOCA HOLDCO II, LLC**

**February 20 2021**

The undersigned being the sole manager (the "**Manager**") of Inoca Holdco II, LLC (the "**Company**") acting pursuant to the Delaware Limited Liability Company Act and that certain Operating Agreement of the Company dated January 13, 2014 (as amended prior to the date hereof, the "**Operating Agreement**"), hereby enter into this Written Consent (this "**Consent**") and hereby adopt and approve the following resolutions:

**WHEREAS**, the Company is the sole member of FCS Fox Commercial Services, LLC, f/k/a Fox Service Company II, LLC (the "**Subsidiary**"); and

**WHEREAS**, the Manager has determined that it is desirable and in the best interests of the Company, on its behalf and in its capacity as the sole member of the Subsidiary, to cause the Subsidiary to file a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") on or after the date hereof (the "**Bankruptcy Filing**").

**NOW THEREFORE LET IT BE:**

**RESOLVED**, that the form, terms and provisions of the Bankruptcy Filing be, and hereby are, approved;

**RESOLVED**, that any manager or the President, Vice President, Treasurer, Secretary and any other officer of the Company (each such person, an "**Authorized Officer**") be, and each of them hereby is, authorized and empowered to execute and deliver on behalf of the Company any and all documents, resolutions, written consents or other documents deemed necessary or desirable by such Authorized Officer in order for the Company, in its capacity as the sole member of the Subsidiary, to take all actions necessary to authorize the Subsidiary to file the Bankruptcy Filing;

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and empowered to take all such further action and to execute and deliver all such further agreements, certificates, instruments and documents, in the name and on behalf of the Company, and if requested or required, under its corporate seal duly attested by the Secretary or Assistant Secretary; to pay or cause to be paid all expenses; to take all such other actions as they or any one of them shall deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions;

**RESOLVED**, that in connection with the transactions contemplated in the preceding resolutions, the Secretary or the Assistant Secretary of the Company be, and hereby is, authorized in the name and on behalf of the Company, to certify any more formal or detailed resolutions as such officer may deem necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions; and that thereupon, such resolutions shall be deemed adopted as and for the resolutions of the undersigned as if set forth at length herein;

**RESOLVED**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirements of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions.

**RESOLVED**, that each undersigned party be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as such party considers necessary, proper or desirable to effectuate this Consent and these resolutions, such determination to be evidenced by such execution or taking of such action; and

**RESOLVED**, that any and all past actions heretofore taken by any undersigned party in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

*[Signature page follows]*

8139535 v1 (72692.00002.000)

IN WITNESS WHEREOF, the parties hereto have executed this Consent as of the date first above written.

**MANAGER:**

INOCA CAPITAL PARTNERS, LLC

By:
Name: Chris Sheffert
Title: Senior Managing Director

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 17 |
| | § | |
| FCS FOX COMMERCIAL SERVICES, LLC | § | Case No. 21-_____ |
| | § | |
| Debtor. | § | |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS

### Introduction

On February 15, 2021 (the "Petition Date"), FCS Fox Commercial Services, LLC ("Fox") (each a "Debtor," collectively, the "Debtors") filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

Pursuant to the requirements of Bankruptcy Code Section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") with the United States Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court").

Mr. Thomas Kim is the Chief Restructuring Officer of the Debtor and has signed each of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Kim has relied upon the efforts, statements and representations of various personnel employed by the Debtors. Mr. Kim has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors. Additionally, the Debtor's books and records are in the possession of Fox Industries, LLC and the Debtor or its professionals do not have access to them.

These Global Notes, Methodology and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in and comprise an integral part of each of the Debtor's Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"),While the Debtor have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available to it at the time of preparation, subsequent information, or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Accordingly, the

Debtor expressly reserves all rights to amend, clarify, and modify any aspect of the Schedules and Statements in any manner at any time. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete.

Accordingly, in reviewing and signing the Schedules and Statements, Mr. Kim necessarily relied upon the efforts, statements, and representations of the Debtor' other personnel and advisors. Mr. Kim has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

These Global Notes supplement and are in addition to any specific notes contained in each Debtor's respective Schedules or Statements. Furthermore, the fact that the Debtor have prepared these Global Notes or specific notes with respect to each individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtor to exclude the applicability of such Global Notes or specific notes to any of the Debtor' other Schedules and Statements, as appropriate. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. All amounts stated in these Global Notes or the Schedules and Statements are reflected in U.S. dollars.

1. **Information as of Petition Date**. To the best of the Debtor' knowledge, the information provided herein represents the asset data, including available cash, of the Debtor as of the Petition Date. All other information including trade liabilities and principal and accrued interest on funded debt are provided as of the Petition Date. Amounts ultimately realized may vary from net book value (or whatever value is ascribed) and such variance may be material. Accordingly, the Debtor reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

2. **General Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtor reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including: the right to amend the Schedules and Statements with respect to any claim (as defined in Bankrutpcy Code § 101(5), a "**claim**") description, designation, or Debtor against which the claim is asserted; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, by the Debtor against which the claim is listed or against any of the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including issues involving

claims, substantive consolidation, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant nonbankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

3.    **Recharacterization**.  The Debtor have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, due to the complexity and size of the Debtor' business, the desire to file the Schedules and Statements without further extensions of time, and related reasons, the Debtor may have improperly characterized, classified, categorized, or designated certain items.  The Debtor thus reserve all rights to recharacterize, reclassify, recategorize, redesignate or otherwise adjust items reported in the Schedules and Statements at a later time as necessary or appropriate as additional or more accurate information becomes available.  Further, with regard to Schedule E/F, Part 1 (creditors with Priority claims), the Debtor have used their best efforts to designate the appropriate sub-section of 507(a), but reserve the right to amend such designation should same be necessary.

4.    **Excluded Assets and Liabilities**.  The Debtor have excluded certain categories of assets and liabilities from the Schedules and Statements and certain accrued expenses.  The Debtor have also excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist.  In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.

5.    **Intellectual Property Rights**.  Exclusion of certain intellectual property, if any, shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property, if any, shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, otherwise have not expired by their terms, or have not been assigned or otherwise.

6.    **Attachments and Exhibits**.  The Debtor have included an attachment after certain of the Schedules to which more room is needed to properly answer the respective question; the Debtor have done similarly for the Statements.  In addition, to the extent necessary, the Debtor have attached an Exhibit at the end of the Schedule or Statement, as applicable, where necessary to attach information from the Debtor, which required a complete spreadsheet or chart.  Accordingly, additional information is included as Attachments and Exhibits as referenced in the Schedule and Statements.

7.    **Estimates and Assumption**.  Preparation of the Schedules and Statements requires the Debtor to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period.  The Debtor reserve all rights to include any corrections and adjustments.

8. **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Schedules and Statements. To the extent there are unknown, disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may be different than the listed total.

9. **Unliquidated Amounts**. Claims with zero amounts and/or unknown amounts, as well as asset values that could not be readily quantified by the Debtor, are scheduled as "unliquidated" or "unknown". Amounts listed as zero are either $0.00, unliquidated, or undetermined. The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

10. **Unknown or Undetermined Amounts**. Some of the scheduled liabilities may be unknown and unliquidated at this time, and the value of certain scheduled assets may be unknown. In such instances, the amounts may be listed as "Unknown" or "Undetermined." Accordingly, the Schedules and the Statements may not accurately reflect the aggregate amount of the Debtor' liabilities or assets.

11. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtor may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements. The Debtor reserve all of their rights with respect to any claims or causes of action (including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, **"Causes of Action"**) they may have, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

12. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products or services are listed as amounts entered on the Debtor' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtor. The Debtor reserve all of their rights respecting such credits, allowances and other adjustments.

13. **Payments**. Prior to the Petition Date, the Debtor maintained a cash management and disbursement system in the ordinary course of their businesses. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtor reserve the right to modify or amend their Schedules and Statements to attribute any payments to a different legal entity, if appropriate.

14. **Global Notes Controlling**. In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control. Neither the Debtor nor their agents and/or

attorneys guarantee or warrant the accuracy, completeness, or correctness of the data that is provided in these Global Notes or in the Schedules and Statements, and neither is liable for any loss or injury arising out of or caused in whole or in part by the acts, errors of omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communication or delivering the information herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtor or their agents, attorneys, and advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys and advisors are advised of the possibility of such damages.

15. **Headings**. The headings/titles of the paragraphs in these Global Notes are included for reference only and do not control, affect, or modify the text of these Global Notes.

## SPECIFIC DISCLOSURES REGARDING SCHEDULES AND STATEMENTS

16. **Statements Part 2, #3**. The Debtor' bankruptcy professionals and insiders, intercompany transactions, wage garnishments, and donations are not included in the payments to creditors set forth in item #3 of the Statements. Such aforementioned payments, if any, are included in the following locations within the Statements: (i) payments to bankruptcy professionals are listed in item #11; (ii) payments to insiders are listed in item #4; and (iii) intercompany transactions intercompany transactions are listed in item #4, if any. The listing of any individual or entity as an insider does not constitute an admission or determination that any such individual is or is not an insider.

Any information not disclosed by the Debtor is because the Debtor's books and records are in possession with Fox Industries, LLC and the Debtor and its professionals do not have access to it.

17. **Statements #4**. The Debtor have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider," as that term is defined in Bankruptcy Code § 101(31). The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of Bankruptcy Code § 101(31). Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the Debtor; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtor; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month

period, but the Debtor have included them herein out of an abundance of caution. The Debtor reserve all rights with respect thereto.

The individuals listed in item #4 of the Statements include the officers of the Debtor, which are the only "insiders" of the Debtor, pursuant to Bankruptcy Code § 101(31), that received any payments during the 12-month period preceding the Petition Date. Any information not disclosed by the Debtor is because the Debtor's books and records are in possession with Fox Industries, LLC and the Debtor and its professionals do not have access to it.

*     *     *

| Fill in this information to identify the case: |
|---|
| Debtor name **FCS Fox Commercial Services, LLC** |
| United States Bankruptcy Court for the: WESTERN DISTRICT OF TEXAS |
| Case number (if known) _____ |

☐ Check if this is an amended filing

## Official Form 206Sum
### Summary of Assets and Liabilities for Non-Individuals                    12/15

---

**Part 1:** **Summary of Assets**

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................... $ _____ 0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................. $ _____ 0.00

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................. $ _____ 0.00

---

**Part 2:** **Summary of Liabilities**

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*..................... $ _____ 0.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*........................................... $ _____ 57,551.87

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................... +$ _____ 2,508,922.93

4. **Total liabilities** ...........................................................................................
   Lines 2 + 3a + 3b                                                           $ 2,566,474.80

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name  **FCS Fox Commercial Services, LLC**

United States Bankruptcy Court for the:  WESTERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an
amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ■ No.  Go to Part 2.
   ☐ Yes Fill in the information below.

   | All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
   | --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☐ No.  Go to Part 3.
   ■ Yes Fill in the information below.

7.     **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

8.     **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

| | | |
| --- | --- | --- |
| 8.1. | **Lease Agreement between NL Ventures IX Congress, L.L.C. and Fox Service Company II, LLC (4300 S. Congress Avenue, Austin, Travis County, Texas 78745) dated 2.01.2014** | **Unknown** |
| 8.2. | **Broadway BAA, LLC successor in interest to Sealy Broadway Trade Center Partners, L.P. and Fox Service Company (2511 Boardwalk, San Antonio, Texas 78217)** | **Unknown** |

9.     **Total of Part 2.**
   Add lines 7 through 8. Copy the total to line 81.

   | **$0.00** |
   | --- |

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

   ■ No.  Go to Part 4.
   ☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

13. **Does the debtor own any investments?**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **FCS Fox Commercial Services, LLC** | Case number *(If known)* |
|---|---|---|
| | Name | |

■ No. Go to Part 5.
☐ Yes Fill in the information below.

**Part 5: Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

**Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

**Part 7: Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

**Part 8: Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

**Part 9: Real property**

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **4300 S. Congress Avenue, Austin, Texas 78745** | **Lease** | **Unknown** | | **Unknown** |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

**$0.00**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

| Debtor | **FCS Fox Commercial Services, LLC** | Case number *(If known)* | _____ |
|--------|--------------------------------------|---------------------------|--------------|
|        | Name                                 |                           |              |

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

■ No

□ Yes

**Part 10:**   **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.

□ Yes Fill in the information below.

**Part 11:**   **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.

□ Yes Fill in the information below.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

Debtor    **FCS Fox Commercial Services, LLC**        Case number *(If known)* _____
       Name

**Part 12:**    **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

| Fill in this information to identify the case: |
| --- |
| Debtor name    **FCS Fox Commercial Services, LLC** |
| United States Bankruptcy Court for the:    WESTERN DISTRICT OF TEXAS |
| Case number (if known) _____ |

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property     12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

    ■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name **FCS Fox Commercial Services, LLC**

United States Bankruptcy Court for the: **WESTERN DISTRICT OF TEXAS**

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

■ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address<br>**Angel Oliveras**<br>**1150 Fernwood Road**<br>**Fischer, TX 78623-2002** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **Unknown** | **$0.00** |
| | Date or dates debt was incurred | Basis for the claim:<br>**Services** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| 2.2 | Priority creditor's name and mailing address<br>**Bexar County Tax Office**<br>**P.O. Box 839950**<br>**San Antonio, TX 78283** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **Unknown** | **Unknown** |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          54719          Best Case Bankruptcy

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **$851.87** | **$0.00** |
|---|---|---|---|---|
| | **Dan Rudolph**<br>**68 Tuscaloosa Ave**<br>**Atherton, CA 94027** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim:<br>**Services** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| 2.4 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **$34,800.00** | **$0.00** |
|---|---|---|---|---|
| | **Darrell Whiteaker**<br>**6655 Ruxton Lane**<br>**Austin, TX 78749** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim:<br>**Services** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| 2.5 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **$21,900.00** | **$0.00** |
|---|---|---|---|---|
| | **Edmond Abdelnoor II**<br>**3011 Fruth St., Apt 202**<br>**Austin, TX 78705-2836** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim:<br>**Services** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| 2.6 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **Unknown** | **Unknown** |
|---|---|---|---|---|
| | **Internal Revenue Service**<br>**Centralized Insolvency Office**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

| 2.7 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **Unknown** | **$0.00** |
|---|---|---|---|---|
| | **Jason E. Lomas**<br>**1150 Fernwood Road**<br>**Fischer, TX 78623** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | ■ No<br>☐ Yes | | |

---

| 2.8 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **Unknown** | **$0.00** |
|---|---|---|---|---|
| | **Kenneth Pierce**<br>**3602 Counselor Dr**<br>**Austin, TX 78749-3947** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim:<br>**Services** | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | ■ No<br>☐ Yes | | |

---

| 2.9 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **Unknown** | **$0.00** |
|---|---|---|---|---|
| | **Mickey Foster**<br>**13000 Pfluger Berkman Rd**<br>**Coupland, TX 78615-4902** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim:<br>**Services** | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | ■ No<br>☐ Yes | | |

---

| 2.10 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **Unknown** | **Unknown** |
|---|---|---|---|---|
| | **Texas Comptroller of Public**<br>**Accounts**<br>**Revenue Accounting Division -**<br>**Bankruptcy**<br>**P.O. 13528 Capital Station**<br>**Austin, TX 78711** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim: | | |
| | Last 4 digits of account number | Is the claim subject to offset? | | |
| | Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | ■ No<br>☐ Yes | | |

| Debtor | **FCS Fox Commercial Services, LLC** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 2.11 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | Unknown | Unknown |
|---|---|---|---|---|

**Travis County Tax Office**
**P.O. Box 1748**
**Austin, TX 78767**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | | Amount of claim |
|---|---|---|---|
| **3.1** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that apply.* | **$100,844.44** |

**Abbey Irrevocable Grandchildren's Trust**
**2500 Steiner St. Apt. 5**
**San Francisco, CA 94115**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  8/2/2020

Basis for the claim:  **Subordinated Promissory Note III**

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| **3.2** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that apply.* | **$211,466.67** |
|---|---|---|---|

**Abbey Revocable Living Trust**
**2500 Steiner St. Apt. 5**
**San Francisco, CA 94115**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  3/9/2020

Basis for the claim:  **Subordinated Promissory Note II**

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| **3.3** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that apply.* | **$3,692.15** |
|---|---|---|---|

**Balance Staffing Workforce**
**7950 Anderson Square, Suite 103**
**Austin, TX 78757**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| **3.4** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that apply.* | **$987.46** |
|---|---|---|---|

**Cavenders Boot City #42 (San Antonio)**
**303 NW Loop 410**
**San Antonio, TX 78216**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

| **3.5** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check that apply.* | **$100,933.33** |
|---|---|---|---|

**Chris Sheffert**
**PO Box 3763**
**Park City, UT 84060**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  7/31/2020

Basis for the claim:  **Subordinated Promissory Note III**

Last 4 digits of account number __

Is the claim subject to offset?  ■ No  ☐ Yes

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$148.23** |
|---|---|---|---|

**Cintas First Aid And Safety #F71**
**2525 Ridgepoint Dr., Suite 300**
**Austin, TX 78754**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  __Supplies__

Last 4 digits of account number ___

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$28,686.46** |
|---|---|---|---|

**CMC Steel Fabricators, Inc.**
**Attn: A/P Shared Services**
**6565 N. MacArthur Blvd., Suite 800**
**Irving, TX 75039-6283**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  __Services__

Last 4 digits of account number ___

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,160.03** |
|---|---|---|---|

**Commercial Metals Company**
**Attn: A/P Shared Services**
**6565 N. MacArthur Blvd., Suite 800**
**Irving, TX 75039-6283**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  __Services__

Last 4 digits of account number ___

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$53,616.67** |
|---|---|---|---|

**Dan Rudolph**
**68 Tuscaloosa Ave**
**Atherton, CA 94027**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __1/17/2020__

Basis for the claim:  __Subordinated Promissory Note__

Last 4 digits of account number ___

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$67,692.74** |
|---|---|---|---|

**Dan Rudolph**
**68 Tuscaloosa Ave**
**Atherton, CA 94027**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __3/4/2020__

Basis for the claim:  __Subordinated Promissory Note II__

Last 4 digits of account number ___

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$100,800.00** |
|---|---|---|---|

**Dan Rudolph**
**68 Tuscaloosa Ave**
**Atherton, CA 94027**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __8/3/2020__

Basis for the claim:  __Subordinated Promissory Note III__

Last 4 digits of account number ___

Is the claim subject to offset? ☒ No ☐ Yes

---

| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,568.95** |
|---|---|---|---|

**Dell Financial Service**
**PO Box 81577**
**Austin, TX 78708-1577**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred ___

Basis for the claim:  __Lease and Rental__

Last 4 digits of account number ___

Is the claim subject to offset? ☒ No ☐ Yes

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $5,156.50 |
|---|---|---|---|

**ECMC Education, Inc.**
**111 Washington Ave. S.**
**Suite 1400**
**Minneapolis, MN 55401**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $13,350.00 |
|---|---|---|---|

**ERP Buddies Inc**
**2425 Matheson Blvd. E, Suite 120**
**Mississauga ON L4W 5K4**
**Canada**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __Services__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,125.00 |
|---|---|---|---|

**Euler Hermes North America Insurance Co.**
**15301 Dallas Parkway, Suite 1060**
**Addison, TX 75001**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __Insurance__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $31,150.13 |
|---|---|---|---|

**Fieldaware US Inc**
**5000 Legacy Drive, Suite 475**
**Plano, TX 75024**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __Services__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.17 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $18,017.93 |
|---|---|---|---|

**Five Fifty Condominium Association**
**c/o Associa Client Service Center**
**1225 Alma Rd Ste 100**
**Richardson, TX 75081**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $156,956.51 |
|---|---|---|---|

**Gibson Dunn & Crutcher LLP**
**2001 Ross Avenue, Suite 2100**
**Dallas, TX 75201**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __Services__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,601.38 |
|---|---|---|---|

**Grainger, Inc.**
**6006 E. Ben White Blve.**
**Austin, TX 78741-7504**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __Services__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

Debtor **FCS Fox Commercial Services, LLC**
_____
Name

Case number (if known) _____

---

**3.20** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$1,117.97**
| **Hackney Auto, Truck & Fleet Service, Inc** | ☐ Contingent |
| **11600 Manchaca Road** | ☐ Unliquidated |
| **Building #2** | ☐ Disputed |
| **Austin, TX 78748** | |
| | **Basis for the claim:  Services** |
| Date(s) debt was incurred _ | |
| Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes |

---

**3.21** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$55,410.56**
| **HCV Investments** | ☐ Contingent |
| **1532 W George St.** | ☐ Unliquidated |
| **Chicago, IL 60657** | ☐ Disputed |
| Date(s) debt was incurred  3/6/2020 | **Basis for the claim:  Subordinated Promissory Note II** |
| Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes |

---

**3.22** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$27,197.86**
| **HCV Investments** | ☐ Contingent |
| **1532 W George St.** | ☐ Unliquidated |
| **Chicago, IL 60657** | ☐ Disputed |
| Date(s) debt was incurred  8/3/2020 | **Basis for the claim:  Subordinated Promissory Note III** |
| Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes |

---

**3.23** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown**
| **Heriberto Mendez** | ☐ Contingent |
| **2400 Dove Drive** | ☐ Unliquidated |
| **Austin, TX 78744** | ■ Disputed |
| Date(s) debt was incurred _ | **Basis for the claim:  Workers' Compensation** |
| Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes |

---

**3.24** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$13,550.62**
| **Home Depot** | ☐ Contingent |
| **2455 Paces Ferry Road NW** | ☐ Unliquidated |
| **Atlanta, GA 30339** | ☐ Disputed |
| Date(s) debt was incurred _ | **Basis for the claim:  Supplies** |
| Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes |

---

**3.25** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$28.06**
| **Hull Supply Co., Inc.** | ☐ Contingent |
| **5117 East Cesar Chavez** | ☐ Unliquidated |
| **Austin, TX 78702** | ☐ Disputed |
| Date(s) debt was incurred  9/16/2020 | **Basis for the claim:  Services** |
| Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes |

---

**3.26** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$323,333.57**
| **Inoca Capital Partners** | ☐ Contingent |
| **2078 Prospector Road** | ☐ Unliquidated |
| **Park City, UT 84060** | ☐ Disputed |
| Date(s) debt was incurred  11.12.2020 | **Basis for the claim:  Services** |
| Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes |

---

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
| --- | --- | --- | --- |
| | Name | | |

---

**3.27** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$1,028.60**

**Integrated Solutions of TX**
**1101 S. Capital of Texas Hwy**
**Suite H-207**
**Austin, TX 78746**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.28** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$160,850.00**

**Jaggers Family Trust**
**2 Blue Oaks Ct.**
**Portola Valley, CA 94028**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **1/17/2020**

Basis for the claim:  **Subordinated Promissory Note**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.29** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$94,869.06**

**Jaggers Family Trust**
**2 Blue Oaks Ct.**
**Portola Valley, CA 94028**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **3/4/2020**

Basis for the claim:  **Subordinated Promissory Note II**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.30** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$100,800.00**

**Jaggers Family Trust**
**2 Blue Oaks Ct.**
**Portola Valley, CA 94028**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **8/3/2020**

Basis for the claim:  **Subordinated Promissory Note III**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.31** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$83,037.29**

**JML 401K Trust**
**13701 Marina Pointe Drive**
**Apt. 405**
**Marina Del Rey, CA 90292**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **3/9/2020**

Basis for the claim:  **Subordinated Promissory Note II**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.32** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$40,831.75**

**JML 401K Trust**
**13701 Marina Pointe Drive**
**Apt. 405**
**Marina Del Rey, CA 90292**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **8/1/2020**

Basis for the claim:  **Subordinated Promissory Note III**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.33** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$96,999.01**

**Justin S Huscher Dynasty Trust**
**1540 North Lake Shore Drive**
**Apt. 12S**
**Chicago, IL 60610**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **3/5/2020**

Basis for the claim:  **Subordinated Promissory Note II**

Last 4 digits of account number __

Is the claim subject to offset? ■ No  ☐ Yes

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.34**

**Nonpriority creditor's name and mailing address**

**Justin S Huscher Dynasty Trust**
**1540 North Lake Shore Drive**
**Apt. 12S**
**Chicago, IL 60610**

Date(s) debt was incurred  8/3/2020

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Subordinated Promissory Note III**

Is the claim subject to offset? ■ No  ☐ Yes

**$47,595.74**

---

**3.35**

**Nonpriority creditor's name and mailing address**

**Justin S Huscher Revocable Trust**
**1540 North Lake Shore Drive**
**Apt. 12S**
**Chicago, IL 60610**

Date(s) debt was incurred  3/5/2020

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Subordinated Promissory Note II**

Is the claim subject to offset? ■ No  ☐ Yes

**$96,999.01**

---

**3.36**

**Nonpriority creditor's name and mailing address**

**Justin S Huscher Revocable Trust**
**1540 North Lake Shore Drive**
**Apt. 12S**
**Chicago, IL 60610**

Date(s) debt was incurred  8/3/2020

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Subordinated Promissory Note III**

Is the claim subject to offset? ■ No  ☐ Yes

**$47,595.74**

---

**3.37**

**Nonpriority creditor's name and mailing address**

**Kim Paper**
**9519 N Interstate Hwy 35, Suite 100**
**Austin, TX 78753**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Supplies**

Is the claim subject to offset? ■ No  ☐ Yes

**$560.41**

---

**3.38**

**Nonpriority creditor's name and mailing address**

**Kingleman Gutter**
**Address Unknown**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No  ☐ Yes

**$1,580.00**

---

**3.39**

**Nonpriority creditor's name and mailing address**

**Knight Office Solutions**
**12961 Park Central St. 1470**
**San Antonio, TX 78216**

Date(s) debt was incurred __

Last 4 digits of account number  8968

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No  ☐ Yes

**$1,541.10**

---

**3.40**

**Nonpriority creditor's name and mailing address**

**Maxwell Locke & Ritter LLP**
**401 Congress, Suite 1100**
**Austin, TX 78701**

Date(s) debt was incurred  10/22/2020

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No  ☐ Yes

**$1,717.50**

---

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.41** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$55,428.01**

**Nimrod Investors**
**1540 North Lake Shore Drive**
**Apt. 12S**
**Chicago, IL 60610**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  3/5/2020

Basis for the claim:  **Subordinated Promissory Note II**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

**3.42** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$27,197.86**

**Nimrod Investors**
**1540 North Lake Shore Drive**
**Apt. 12S**
**Chicago, IL 60610**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  8/3/2020

Basis for the claim:  **Subordinated Promissory Note III**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

**3.43** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown**

**NL Ventures IX Congress LLC**
**c/o AIC Ventures**
**4131 North Central Expressway, Suite 820**
**Dallas, TX 75204**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Lease and Rental**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

**3.44** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$753.00**

**Occupational Health Centers of Southwest**
**7401 Church Ranch Blvd, Unit 202**
**Broomfield, CO 80021-5576**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

**3.45** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$9,015.13**

**Oracle America Inc.**
**500 Oracle Parkway**
**Redwood City, CA 94065**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

**3.46** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$26,394.30**

**Oracle Financing**
**500 Oracle Parkway**
**Redwood City, CA 94065**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

**3.47** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$89.85**

**POP-A-LOCK**
**815 Brazos St., Unit A**
**Austin, TX 78701**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.48 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$251.14** |
|---|---|---|---|

**ProMesa Enterprises Inc.**
**316 W US Hwy 290 Service Rd**
**Suite 500**
**Austin, TX 78735**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __Services__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.49 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$283.29** |
|---|---|---|---|

**Quik Print of Austin, Inc.**
**8508 Cross Park Drive**
**Austin, TX 78754**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __Services__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.50 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,470.85** |
|---|---|---|---|

**RAR-Axis West Campus LP**
**222 South Riverside Plaza**
**26th Floor**
**Chicago, IL 60606**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.51 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$57.09** |
|---|---|---|---|

**Rexel of America LLC**
**14951 Dallas Parkway**
**Dallas, TX 75254**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __Services__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.52 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$53,616.67** |
|---|---|---|---|

**Robert S Hicks Jr**
**405 W. 14th St.**
**Austin, TX 78701**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __1/17/2020__

Basis for the claim:  __Subordinated Promissory Note__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.53 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$50,400.00** |
|---|---|---|---|

**Robert S Hicks Jr**
**405 W. 14th St.**
**Austin, TX 78701**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  __8/3/2020__

Basis for the claim:  __Subordinated Promissory Note III__

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.54 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$3,948.60** |
|---|---|---|---|

**Sony Interactive Entertainment LLC**
**2207 Bridgepointe Parkway**
**San Mateo, CA 94404**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **FCS Fox Commercial Services, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.55 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $103.10 |
|---|---|---|---|

**Southwest Texas Equipment Distribution**
**1227 S St. Mary's St**
**San Antonio, TX 78210**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.56 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $16,609.08 |
|---|---|---|---|

**Spaulding Ridge**
**846 Cherry St.**
**Winnetka, IL 60093**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  8/2/2020

Last 4 digits of account number __

Basis for the claim:  **Subordinated Promissory Note III**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.57 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $3,006.59 |
|---|---|---|---|

**SRI Monogramming**
**2303 County Road 172**
**Round Rock, TX 78681**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.58 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $92.98 |
|---|---|---|---|

**Staples Advantage**
**500 Staples Drive**
**Framingham, MA 01702**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **Supplies**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.59 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $31,760.00 |
|---|---|---|---|

**Steven Zenz**
**2849 Lake Diane Court**
**Saint Paul, MN 55112**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  3/5/2020

Last 4 digits of account number __

Basis for the claim:  **Subordinated Promissory Note II**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.60 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $10,080.00 |
|---|---|---|---|

**Steven Zenz**
**2849 Lake Diane Court**
**Saint Paul, MN 55112**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  8/3/2020

Last 4 digits of account number __

Basis for the claim:  **Subordinated Promissory Note III**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.61 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $798.06 |
|---|---|---|---|

**Structural Metals, Inc.**
**Attn: A/P Shared Services**
**6565 N. MacArthur Blvd., Suite 800**
**Irving, TX 75039-6283**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No ☐ Yes

---

Debtor  **FCS Fox Commercial Services, LLC**
Name

Case number (if known)

---

| 3.62 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,868.66 |

**Sunbelt Rentals**
**8300 S Interstate 35**
**TX 78700**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Lease and Rental**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.63 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $37,071.00 |

**Tarantino Properties Inc**
**502 E 11th Street, Suite 400**
**Austin, TX 78701**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Lease and Rental**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.64 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $5,825.92 |

**Temperature Controls Systems, Inc.**
**3007 Longhorn Blvd., Suite 105**
**Austin, TX 78758**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.65 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $14.34 |

**Temple Welding Supply**
**2101 Industrial Blvd**
**Temple, TX 76504**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Supplies**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.66 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $4,752.25 |

**TexAir Filters /**
**Air Relief Technologies, Inc.**
**5757 East Rosedale Street**
**Fort Worth, TX 76112**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim: __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.67 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $4,030.00 |

**Texas Mutual Insurance Company**
**PO Box 12058**
**Austin, TX 78711-2058**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Insurance**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.68 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $914.51 |

**Thyssenkrupp Elevator Corporation**
**3615 F. Willow Springs Rd**
**Austin, TX 78704**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

Debtor  **FCS Fox Commercial Services, LLC**
_____   Case number (if known) _____
Name

| | |
|---|---|
| 3.69 | **Nonpriority creditor's name and mailing address** |

**Nonpriority creditor's name and mailing address**
**Trans Union, LLC**
**13785 Research Blvd., Suite 300**
**Austin, TX 78750**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No  ☐ Yes

**$81.20**

---

3.70  **Nonpriority creditor's name and mailing address**
**ULine**
**980 W Bethel Road**
**Coppell, TX 75019**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No  ☐ Yes

**$585.73**

---

3.71  **Nonpriority creditor's name and mailing address**
**Unifirst Holdings Inc**
**68 Jonspin Rd**
**Wilmington, MA 01887**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Supplies**

Is the claim subject to offset? ■ No  ☐ Yes

**$3,784.71**

---

3.72  **Nonpriority creditor's name and mailing address**
**Verizon Connect Fleet USA LLC**
**1100 Winter Street, Suite 4600**
**Waltham, MA 02451**

Date(s) debt was incurred __

Last 4 digits of account number  **3049**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No  ☐ Yes

**$14,550.56**

---

3.73  **Nonpriority creditor's name and mailing address**
**Wells Fargo**
**PO Box 63020**
**San Francisco, CA 94163**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No  ☐ Yes

**$45,475.57**

---

3.74  **Nonpriority creditor's name and mailing address**
**Worth Hydrochem of Austin, Inc.**
**PO Box 8288**
**Round Rock, TX 78683**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ■ No  ☐ Yes

**$2,014.45**

---

**Part 3:**   List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Pop-A-Lock**<br>**1704 S. Congress Ave., Ste. F**<br>**Austin, TX 78704** | Line  **3.47**<br><br>☐ Not listed. Explain ____ | _ |

Debtor  **FCS Fox Commercial Services, LLC**
_____
Name

Case number (if known) _____

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
| --- | --- |

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
| --- | --- | --- |
| **5a. Total claims from Part 1** | 5a. | $ 57,551.87 |
| **5b. Total claims from Part 2** | 5b. + | $ 2,508,922.93 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 2,566,474.80 |

**Schedule E/F: Creditors Who Have Unsecured Claims**

**Fill in this information to identify the case:**

Debtor name    **FCS Fox Commercial Services, LLC**

United States Bankruptcy Court for the:   WESTERN DISTRICT OF TEXAS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **Lease Agreement** | |
| | State the term remaining | **14 months (4.19.2022)** | **Dell Equipment Funding LP**<br>**One Dell Way**<br>**Round Rock, TX 78682** |
| | List the contract number of any government contract | ****235-001 | |
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Lease Agreement** | |
| | State the term remaining | **22 months (12.11.2022)** | **Dell Financial Services L.L.C.**<br>**One Dell Way**<br>**Round Rock, TX 78682** |
| | List the contract number of any government contract | **** 235-002 | |
| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | **Master Equity/Walkaway Lease Agreement** | |
| | State the term remaining | | **Enterprise FM Trust**<br>**Enterprise Fleet Management, Inc.**<br>**4210 S. Congress Ave.**<br>**Austin, TX 78745** |
| | List the contract number of any government contract | | |
| 2.4. | State what the contract or lease is for and the nature of the debtor's interest | **Master Equity Lease Agreement** | |
| | State the term remaining | | **Enterprise Rent-A-Car Company of Texas**<br>**dba Enterprise Fleet Management**<br>**4210 S. Congress Ave.**<br>**Austin, TX 78745** |
| | List the contract number of any government contract | | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Debtor 1  **FCS Fox Commercial Services, LLC**                                            Case number (*if known*) _____
First Name      Middle Name        Last Name

 **Additional Page if You Have More Contracts or Leases**

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | **D&O Insurance** | |
|---|---|---|---|
| | State the term remaining | **0 days** | **Federal Insurance Company**<br>**251 North Illinois, Suite 1100**<br>**Indianapolis, IN 46201-1927** |
| | List the contract number of any government contract | | |

| 2.6. | State what the contract or lease is for and the nature of the debtor's interest | **Roberts Ayers Sublease** | |
|---|---|---|---|
| | State the term remaining | **23 Days** | **LEE Enterprises LLC**<br>**c/o Robert Ayers**<br>**4300 S Congress Avenue, Suite 208**<br>**Austin, TX 78745** |
| | List the contract number of any government contract | | |

| 2.7. | State what the contract or lease is for and the nature of the debtor's interest | **Congress Lease** | |
|---|---|---|---|
| | State the term remaining | **3,675 Days** | **NL Ventures IX Congress LLC**<br>**c/o AIC Ventures, Attn: Peter S. Carlsen**<br>**4131 North Central Expressway, Suite 820**<br>**Dallas, TX 75204** |
| | List the contract number of any government contract | | |

| 2.8. | State what the contract or lease is for and the nature of the debtor's interest | **Profound Commerce Sublease** | |
|---|---|---|---|
| | State the term remaining | **23 Days** | **Profound Commerce Inc**<br>**4300 S Congress Avenue, Suite 205-207**<br>**Austin, TX 78745** |
| | List the contract number of any government contract | | |

| 2.9. | State what the contract or lease is for and the nature of the debtor's interest | **Shading Texas Sublease** | |
|---|---|---|---|
| | State the term remaining | **51 Days** | **Shading Texas LLC**<br>**4300 S Congress Avenue, Suite 220, 222**<br>**Austin, TX 78745** |
| | List the contract number of any government contract | | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name          **FCS Fox Commercial Services, LLC**

United States Bankruptcy Court for the:     WESTERN DISTRICT OF TEXAS

Case number (if known)  _____

☐ Check if this is an
  amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 **Inoca Holdco II, LLC** | **4300 S Congress Ave., Ste. 103 Austin, TX 78745** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name **FCS Fox Commercial Services, LLC**

United States Bankruptcy Court for the: WESTERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __February 26, 2021__          x _Thomas M K_____
                                              Signature of individual signing on behalf of debtor

                                          **Thomas Kim**
                                          Printed name

                                          **Chief Restructuring Officer**
                                          Position or relationship to debtor

Official Form 202                **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Fill in this information to identify the case: |
| --- |

Debtor name  **FCS Fox Commercial Services, LLC**

United States Bankruptcy Court for the:  WESTERN DISTRICT OF TEXAS

Case number (if known)  _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     04/19

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Income**

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- |
| **For prior year:**<br>From  **1/01/2020** to **12/31/2020** | ■ Operating a business<br>☐ Other  _____ | **$8,815,067.16** |
| **For year before that:**<br>From  **1/01/2019** to **12/31/2019** | ■ Operating a business<br>☐ Other  _____ | **$18,476,061.00** |
| **For the fiscal year:**<br>From  **1/01/2018** to **12/31/2018** | ■ Operating a business<br>☐ Other  _____ | **$17,646,877.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- |

**List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
| --- | --- | --- | --- |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **FCS Fox Commercial Services, LLC** | | Case number *(if known)* | |

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1. **Travis County Tax Office**<br>P.O. Box 149328<br>Austin, TX 78714-9328 | 11/23/2020 | $10,295.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Tax Payment** |
| 3.2. **Federal Insurance Company**<br>251 North Illinois, Suite 1100<br>Indianapolis, IN 46201-1927 | 01/11/2021 | $23,211.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Insurance Payment** |
| 3.3. **R2 Advisors LLC**<br>1518 Blake Street<br>Denver, CO 80202 | 2/25/2021 | $9,375.74 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other __ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1. **R2 Advisors LLC**<br>1518 Blake Street<br>Denver, CO 80202<br>CRO | 11/04/2020 | $654.00 | **Services** |
| 4.2. **R2 Advisors LLC**<br>1518 Blake Street<br>Denver, CO 80202<br>CRO | 9/24/2020 | $30,000.00 | **Services** |
| 4.3. **Roland Garcia**<br><br>CEO | 10/2/2020 | $9,615.38 | **Salary** |
| 4.4. **Roland Garcia**<br><br>CEO | 10/2/2020 | $1,580.00 | **Car Allowance** |
| 4.5. **Roland Garcia**<br><br>CEO | 10/2/2020 | $578.42 | **Benefit Allowance** |
| 4.6. **Roland Garcia**<br><br>CEO | 10/13/2020 | $961.54 | **Salary** |

Debtor **FCS Fox Commercial Services, LLC**          Case number *(if known)* _____

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.7. **Roland Garcia** <br> CEO | **10/13/2020** | **$14,423.07** | **Vacation Pay** |
| 4.8. **Roland Garcia** <br> CEO | **10/13/2020** | **$2,500.00** | **Bonus** |
| 4.9. **R2 Advisors LLC** <br> **1518 Blake Street** <br> **Denver, CO 80202** <br> **CRO** | **2/25/2021** | **$9,375.74** | **Services** |

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ■ None

   | Creditor's name and address | Describe of the Property | Date | Value of property |
   |---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

   | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
   |---|---|---|---|

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

   ☐ None.

   | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
   |---|---|---|---|
   | 7.1. **Heriberto Mendez v. Fox Commercial Services** <br> **451-2020-01085** | **EEOC (Age Discrimination)** | **Texas Workforce Commission Civil Rights Division 101 East 15th Street, Guadalupe CRD Austin, TX 78778-0001** | ☐ Pending <br> ☐ On appeal <br> ■ Concluded |

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

| Part 4: | Certain Gifts and Charitable Contributions |
|---|---|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Debtor | **FCS Fox Commercial Services, LLC** | | Case number *(if known)* | |
|---|---|---|---|---|

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:**   **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:**   **Certain Payments or Transfers**

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Kane Russell Coleman Logan PC**<br>**5051 Westheimer Road**<br>**10th Floor**<br>**Houston, TX 77056** | | **10/29/2020** | **$5,076.50** |
| | Email or website address<br>**www.krcl.com** | | | |
| | Who made the payment, if not debtor? | | | |
| 11.2. | **Kane Russell Coleman Logan PC**<br>**5051 Westheimer Road**<br>**10th Floor**<br>**Houston, TX 77056** | | **11/17/2020** | **$24,922.90** |
| | Email or website address<br>**www.krcl.com** | | | |
| | Who made the payment, if not debtor? | | | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor **FCS Fox Commercial Services, LLC**      Case number *(if known)* _____

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.3. | **Kane Russell Coleman Logan PC**<br>**5051 Westheimer Road**<br>**10th Floor**<br>**Houston, TX 77056** | | **12/14/2020** | **$24,629.72** |
| | **Email or website address**<br>**www.krcl.com** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.4. | **Kane Russell Coleman Logan PC**<br>**5051 Westheimer Road**<br>**10th Floor**<br>**Houston, TX 77056** | | **1/22/2021** | **$3,955.48** |
| | **Email or website address**<br>**www.krcl.com** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.5. | **Kane Russell Coleman Logan PC**<br>**5051 Westheimer Road**<br>**10th Floor**<br>**Houston, TX 77056** | | **2/11/2021** | **$2,460.00** |
| | **Email or website address**<br>**www.krcl.com** | | | |
| | **Who made the payment, if not debtor?** | | | |
| 11.6. | **Kane Russell Coleman Logan PC**<br>**5051 Westheimer Road**<br>**10th Floor**<br>**Houston, TX 77056** | | **2/12/2021** | **$2,460.00** |
| | **Email or website address**<br>**ww.krcl.com** | | | |
| | **Who made the payment, if not debtor?** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ **None.**

Debtor    **FCS Fox Commercial Services, LLC**          Case number *(if known)* _____

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**    **Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **4300 S. Congress Avenue** **Austin, TX 78745** | **02/01/2014 to11/2020** |
| 14.2. | **2511 Broadwalk Avenue** **San Antonio, TX 78217** | **10/15/2009 to 11/2020** |

**Part 8:**    **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:**    **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
■ Yes. State the nature of the information collected and retained.

**Names, Addresses, E-mail Addresses and Credit Card Information**

Does the debtor have a privacy policy about that information?
☐ No
■ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
■ Yes. Does the debtor serve as plan administrator?

☐ No Go to Part 10.
■ Yes. Fill in below:
Name of plan                                        **Employer identification number of the plan**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **FCS Fox Commercial Services, LLC** | Case number *(if known)* | |
|---|---|---|---|

**401K**                                                                EIN:  **61-1632818**

Has the plan been terminated?

■ No
☐ Yes

☐ No Go to Part 10.
■ Yes. Fill in below:

Name of plan

**Retirement Savings Plan**

Employer identification number of the plan
EIN:  **61-1632818**

Has the plan been terminated?

■ No
☐ Yes

---

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **Sunflower Bank**<br>**3025 Cortland Circle**<br>**Salina, KS 67401** | **XXXX-4500** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■ Other  **Credit Card** | | **$0.00** |
| 18.2. | **Sunflower Bank**<br>**3025 Cortland Circle**<br>**Salina, KS 67401** | **XXXX-2584** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■<br>Other **Operating** | | **$161,267.75** |
| 18.3. | **Sunflower Bank**<br>**3025 Cortland Circle**<br>**Salina, KS 67401** | **XXXX-0620** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■<br>Other **Collection** | | **$0.00** |
| 18.4. | **Wells Fargo**<br>**PO Box 63020**<br>**San Francisco, CA 94163** | **XXXX-1151** | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other__ | | **$0.00** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor __FCS Fox Commercial Services, LLC__

Case number *(if known)* _____

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.5. | **Bank Midwest**<br>**PO Box 26528**<br>**Kansas City, MO 64196-6528** | **XXXX-3234** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■<br>Other __Merechant Service__ | | **$0.00** |
| 18.6. | **Bank Midwest**<br>**PO Box 26528**<br>**Kansas City, MO 64196-6528** | **XXXX-6641** | ☐ Checking<br>☐ Savings<br>■ Money Market<br>☐ Brokerage<br>☐ Other__ | | **$0.00** |
| 18.7. | **Bank Midwest**<br>**PO Box 26528**<br>**Kansas City, MO 64196-6528** | **XXXX-3226** | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>■<br>Other __Operating__ | | **$0.00** |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Do you still have it? |
|---|---|---|---|

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|
| **Eagle Self Storage**<br>**13760 Struthers Road**<br>**Colorado Springs, CO 80921** | | | ☐ No<br>■ Yes |

**Part 11:   Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:   Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

| Debtor | **FCS Fox Commercial Services, LLC** | Case number *(if known)* | |

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

 ■ No.
 ☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

 ■ No.
 ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

 ■ No.
 ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:  Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
 List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

 ■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

26. **Books, records, and financial statements**
 26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
 ☐ None

| Name and address | | Date of service From-To |
|---|---|---|
| 26a.1. | **Kyle Parks** **401 Congress Avenue, Suite 1100** **Austin, TX 78701** | **Present** |
| 26a.2. | **Cody Anderson** **401 Congress Avenue, Suite 1100** **Austin, TX 78701** | **Present** |
| 26a.3. | **Darrell Whiteaker** **6655 Ruxton Lane** **Austin, TX 78749** | |

| Debtor | **FCS Fox Commercial Services, LLC** | Case number *(if known)* | |
|---|---|---|---|

| Name and address | Date of service From-To |
|---|---|
| 26a.4. | **Edmond (Ted) Abdelnoor**<br>**3011 Fruth St.**<br>**Apt 202**<br>**Austin, TX 78705-2836** | |
| 26a.5. | **Lori Trujillo** | |
| 26a.6. | **Fox Industries, LLC**<br>**2901 Industrial Blvd. east**<br>**Waco, TX 76705** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1. | **Maxwell Locke & Ritter**<br>**401 Congress Avenue, Suite 1100**<br>**Austin, TX 78701** | **1/1/2013 - Present** |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. | **Inoca Capital Partners**<br>**2078 Prospector Road**<br>**Park City, UT 84060** | |
| 26c.2. | **Lochridge Priest**<br>**2901 Industrial Blvd. E**<br>**Waco, TX 76705** | **Counsel has advised not to share any books and records** |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. | **r2 advisors llc**<br>**1518 Blake Street**<br>**Denver, CO 80202** |
| 26d.2. | **Ben Lacy**<br>**1900 Washington Avenue**<br>**c/o Ben Lacy**<br>**Waco, TX 76701** |
| 26d.3. | **Chris Sheffert**<br>**2078 Prospector Road**<br>**Park City, UT 84060** |
| 26d.4. | **Cody Anderson**<br>**401 Congress Avenue, Suite 1100**<br>**Austin, TX 78701** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

Debtor  **FCS Fox Commercial Services, LLC**  Case number *(if known)*

| Name and address |
|---|
| 26d.5. | **Kyle Parks**<br>**401 Congress Avenue, Suite 1100**<br>**Austin, TX 78701** |
| 26d.6. | **Stephen Rizzieri**<br>**8300 Douglas Avenue, Suite 800**<br>**Dallas, TX 75225** |
| 26d.7. | **Mac Bohonnon**<br>**2078 Prospector Road**<br>**Park City, UT 84060** |
| 26d.8. | **Michael Ridulfo**<br>**5051 Westheimer Road, 10th Floor**<br>**Houston, TX 77056** |
| 26d.9. | **Stacy Webre**<br>**2901 E. Industrial Blvd., Suite 1000**<br>**Waco, TX 76705** |
| 26d.10. | **Quinn Carlson**<br>**500 W. Madison Street**<br>**Chicago, IL 60661** |
| 26d.11. | **Lochridge Priest**<br>**2901 Industrial Blvd E**<br>**Waco, TX 76705** |

27. **Inventories**
   Have any inventories of the debtor's property been taken within 2 years before filing this case?

   ☑ No
   ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Inoca Holdco II, LLC** | **4300 S Congress Ave**<br>**Austin, TX 78745** | **Owner and Managing Member** | **100** |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Thomas Kim** | **1518 Blake Street**<br>**Denver, CO 80202** | **Chief Restructuring Officer** | **0.0** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

   ☐ No
   ☑ Yes. Identify below.

| Debtor | **FCS Fox Commercial Services, LLC** | Case number *(if known)* |
|---|---|---|

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **Roland Garcia** | | **CEO** | **4/1/2020 - 10/5/2020** |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

■ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1. | **r2 advisors llc 1518 Blake Street Denver, CO 80202** | **$30,000.00** | **09/24/2020** | **Services** |
| | **Relationship to debtor CRO** | | | |
| 30.2. | **r2 advisors llc 1518 Blake Street Denver, CO 80202** | **$654.00** | **11/14/2020** | **Services** |
| | **Relationship to debtor CRO** | | | |
| 30.3. | **Roland Garcia** | **$9,615.38** | **10/2/2020** | **Salary** |
| | **Relationship to debtor CEO** | | | |
| 30.4. | **Roland Garcia** | **$1,580.00** | **10/2/2020** | **Car Allowance** |
| | **Relationship to debtor CEO** | | | |
| 30.5. | **Roland Garcia** | **$578.42** | **10/2/2020** | **Benefit Allowance** |
| | **Relationship to debtor CEO** | | | |
| 30.6. | **Roland Garcia** | **$961.54** | **10/13/2020** | **Salary** |
| | **Relationship to debtor CEO** | | | |
| 30.7. | **Roland Garcia** | **$14,423.07** | **10/13/2020** | **Vacation Pay** |
| | **Relationship to debtor CEO** | | | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    

Debtor  **FCS Fox Commercial Services, LLC**                          Case number *(if known)*

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.8. **Roland Garcia** | **$2,500.00** | **10/13/2020** | **Bonus** |

| Relationship to debtor |
|---|
| **CEO** |

---

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| **Inoca Holdco II, LLC** | **EIN:** **90-1034018** |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

---

**Part 14:**  **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ **February 26, 2021**

Signature of individual signing on behalf of the debtor                 **Thomas Kim**
                                                                       Printed name

Position or relationship to debtor  **Chief Restructuring Officer**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes

# United States Bankruptcy Court
## Western District of Texas

In re    **FCS Fox Commercial Services, LLC**

                                    Debtor(s)

Case No.

Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:      February 26, 2021

**Thomas Kim/Chief Restructuring Officer**
Signer/Title

Abbey Irrevocable Grandchildren's Trust
2500 Steiner St. Apt. 5
San Francisco, CA 94115


Abbey Revocable Living Trust
2500 Steiner St. Apt. 5
San Francisco, CA 94115


Angel Oliveras
1150 Fernwood Road
Fischer, TX 78623-2002


Balance Staffing Workforce
7950 Anderson Square, Suite 103
Austin, TX 78757


Bexar County Tax Office
P.O. Box 839950
San Antonio, TX 78283


Cavenders Boot City #42 (San Antonio)
303 NW Loop 410
San Antonio, TX 78216


Chris Sheffert
PO Box 3763
Park City, UT 84060


Cintas First Aid And Safety #F71
2525 Ridgepoint Dr., Suite 300
Austin, TX 78754


CMC Steel Fabricators, Inc.
Attn: A/P Shared Services
6565 N. MacArthur Blvd., Suite 800
Irving, TX 75039-6283


Commercial Metals Company
Attn: A/P Shared Services
6565 N. MacArthur Blvd., Suite 800
Irving, TX 75039-6283


Dan Rudolph
68 Tuscaloosa Ave
Atherton, CA 94027

Darrell Whiteaker
6655 Ruxton Lane
Austin, TX 78749


Dell Equipment Funding LP
One Dell Way
Round Rock, TX 78682


Dell Financial Service
PO Box 81577
Austin, TX 78708-1577


Dell Financial Services L.L.C.
One Dell Way
Round Rock, TX 78682


ECMC Education, Inc.
111 Washington Ave. S.
Suite 1400
Minneapolis, MN 55401


Edmond Abdelnoor II
3011 Fruth St., Apt 202
Austin, TX 78705-2836


Enterprise FM Trust
Enterprise Fleet Management, Inc.
4210 S. Congress Ave.
Austin, TX 78745


Enterprise Rent-A-Car Company of Texas
dba Enterprise Fleet Management
4210 S. Congress Ave.
Austin, TX 78745


ERP Buddies Inc
2425 Matheson Blvd. E, Suite 120
Mississauga ON L4W 5K4
Canada


Euler Hermes North America Insurance Co.
15301 Dallas Parkway, Suite 1060
Addison, TX 75001

Federal Insurance Company
251 North Illinois, Suite 1100
Indianapolis, IN 46201-1927


Fieldaware US Inc
5000 Legacy Drive, Suite 475
Plano, TX 75024


Five Fifty Condominium Association
c/o Associa Client Service Center
1225 Alma Rd Ste 100
Richardson, TX 75081


Gibson Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201


Grainger, Inc.
6006 E. Ben White Blve.
Austin, TX 78741-7504


Hackney Auto, Truck & Fleet Service, Inc
11600 Manchaca Road
Building #2
Austin, TX 78748


HCV Investments
1532 W George St.
Chicago, IL 60657


Heriberto Mendez
2400 Dove Drive
Austin, TX 78744


Home Depot
2455 Paces Ferry Road NW
Atlanta, GA 30339


Hull Supply Co., Inc.
5117 East Cesar Chavez
Austin, TX 78702


Inoca Capital Partners
2078 Prospector Road
Park City, UT 84060

Inoca Holdco II, LLC
4300 S Congress Ave., Ste. 103
Austin, TX 78745


Integrated Solutions of TX
1101 S. Capital of Texas Hwy
Suite H-207
Austin, TX 78746


Internal Revenue Service
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346


Jaggers Family Trust
2 Blue Oaks Ct.
Portola Valley, CA 94028


Jason E. Lomas
1150 Fernwood Road
Fischer, TX 78623


JML 401K Trust
13701 Marina Pointe Drive
Apt. 405
Marina Del Rey, CA 90292


Justin S Huscher Dynasty Trust
1540 North Lake Shore Drive
Apt. 12S
Chicago, IL 60610


Justin S Huscher Revocable Trust
1540 North Lake Shore Drive
Apt. 12S
Chicago, IL 60610


Kenneth Pierce
3602 Counselor Dr
Austin, TX 78749-3947


Kim Paper
9519 N Interstate Hwy 35, Suite 100
Austin, TX 78753

Kingleman Gutter
Address Unknown


Knight Office Solutions
12961 Park Central St. 1470
San Antonio, TX 78216


LEE Enterprises LLC
c/o Robert Ayers
4300 S Congress Avenue, Suite 208
Austin, TX 78745


Maxwell Locke & Ritter LLP
401 Congress, Suite 1100
Austin, TX 78701


Mickey Foster
13000 Pfluger Berkman Rd
Coupland, TX 78615-4902


Nimrod Investors
1540 North Lake Shore Drive
Apt. 12S
Chicago, IL 60610


NL Ventures IX Congress LLC
c/o AIC Ventures, Attn: Peter S. Carlsen
4131 North Central Expressway, Suite 820
Dallas, TX 75204


Occupational Health Centers of Southwest
7401 Church Ranch Blvd, Unit 202
Broomfield, CO 80021-5576


Oracle America Inc.
500 Oracle Parkway
Redwood City, CA 94065


Oracle Financing
500 Oracle Parkway
Redwood City, CA 94065


POP-A-LOCK
815 Brazos St., Unit A
Austin, TX 78701

Pop-A-Lock
1704 S. Congress Ave., Ste. F
Austin, TX 78704


Profound Commerce Inc
4300 S Congress Avenue, Suite 205-207
Austin, TX 78745


ProMesa Enterprises Inc.
316 W US Hwy 290 Service Rd
Suite 500
Austin, TX 78735


Quik Print of Austin, Inc.
8508 Cross Park Drive
Austin, TX 78754


RAR-Axis West Campus LP
222 South Riverside Plaza
26th Floor
Chicago, IL 60606


Rexel of America LLC
14951 Dallas Parkway
Dallas, TX 75254


Robert S Hicks Jr
405 W. 14th St.
Austin, TX 78701


Shading Texas LLC
4300 S Congress Avenue, Suite 220, 222
Austin, TX 78745


Sony Interactive Entertainment LLC
2207 Bridgepointe Parkway
San Mateo, CA 94404


Southwest Texas Equipment Distribution
1227 S St. Mary's St
San Antonio, TX 78210


Spaulding Ridge
846 Cherry St.
Winnetka, IL 60093

SRI Monogramming
2303 County Road 172
Round Rock, TX 78681


Staples Advantage
500 Staples Drive
Framingham, MA 01702


Steven Zenz
2849 Lake Diane Court
Saint Paul, MN 55112


Structural Metals, Inc.
Attn: A/P Shared Services
6565 N. MacArthur Blvd., Suite 800
Irving, TX 75039-6283


Sunbelt Rentals
8300 S Interstate 35
TX 78700


Tarantino Properties Inc
502 E 11th Street, Suite 400
Austin, TX 78701


Temperature Controls Systems, Inc.
3007 Longhorn Blvd., Suite 105
Austin, TX 78758


Temple Welding Supply
2101 Industrial Blvd
Temple, TX 76504


TexAir Filters /
Air Relief Technologies, Inc.
5757 East Rosedale Street
Fort Worth, TX 76112


Texas Comptroller of Public Accounts
Revenue Accounting Division - Bankruptcy
P.O. 13528 Capital Station
Austin, TX 78711

Texas Mutual Insurance Company
PO Box 12058
Austin, TX 78711-2058


Thyssenkrupp Elevator Corporation
3615 F. Willow Springs Rd
Austin, TX 78704


Trans Union, LLC
13785 Research Blvd., Suite 300
Austin, TX 78750


Travis County Tax Office
P.O. Box 1748
Austin, TX 78767


ULine
980 W Bethel Road
Coppell, TX 75019


Unifirst Holdings Inc
68 Jonspin Rd
Wilmington, MA 01887


Verizon Connect Fleet USA LLC
1100 Winter Street, Suite 4600
Waltham, MA 02451


Wells Fargo
PO Box 63020
San Francisco, CA 94163


Worth Hydrochem of Austin, Inc.
PO Box 8288
Round Rock, TX 78683